UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-23806-CIV-O'SULLIVAN

[CONSENT]

ROBERTO JOSE HUETE,

    Plaintiff,

v.

ARGUELLO DELIVERY AND CARGO
CORPORATION and GUSTAVO A.
ARGUELLO,

    Defendants.

_____/

## ORDER

THIS MATTER is before the Court on the Defendants' Motion for Summary Judgment (DE# 37, 5/2/16).

## ANALYSIS

On October 12, 2015, the plaintiff filed the instant action asserting a claim for unpaid overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. The defendants seek summary judgment in their favor on the grounds that: (1) the corporate defendant's gross sales did not exceed $500,000 during the relevant time period and (2) the Motor Carrier Act exemption applies in the instant case. The Court will address both arguments below.

    1.    **Enterprise Coverage**

Under the FLSA, "[a]n employer falls under the enterprise coverage section of the FLSA if it 1) 'has employees engaged in commerce or the production of goods for

commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' **and** 2) has at least $500,000 of 'annual gross volume of sales made or business done.'" See Polycarpe v. E&S Landscaping Serv., Inc., 616 F.3d 1217, 1220 (11th Cir. 2010) (emphasis added) (quoting 29 U.S.C. §203(s)(1)(A)). The defendants argue that they are entitled to summary judgment on the issue of enterprise coverage because the corporate defendant never grossed over $500,000 in sales during the relevant time period. The defendants have presented the Affidavit of Gustavo A. Arguello[1] and the corporate defendant's tax returns for the years 2012 through 2015 to establish the corporate defendant's annual gross sales.

The plaintiff attempts to create a factual dispute on the issue of enterprise coverage by submitting his own affidavit attesting that occasionally, "customers would pay for deliveries in cash" and that "every three months [Mr. Arguello] would give his brother . . . about $10,000 in cash from the company to take to Nicaragua." See Affidavit of Roberto Jose Huete (DE# 40-1 at ¶¶ 10-11, 5/25/16). The plaintiff's factual assertions do not create an issue of fact as to whether the corporate defendant's gross annual sales met the $500,000 threshold during the relevant period. The plaintiff does not provide an estimate of the amount of the cash payments or otherwise show that these cash payments coupled with the defendants' additional sales exceeded $500,000 for any year during the relevant period. Because the undisputed record evidence shows that the defendants do not meet the $500,000 threshold, they are entitled to summary

---

[1] Mr. Arguello is the President of Arguello Delivery and Cargo Corporation. See Affidavit of Gustavo A. Arguello (DE# 37-3 at 1, 5/2/16).

2

judgment on the issue of enterprise coverage.

Even where there is no enterprise coverage, an employer may still be held liable under the FLSA where there is individual coverage. See Guzman v. Irmadan, Inc., 551 F. Supp. 2d 1368, 1370 (S.D. Fla. 2008), aff'd, 322 F. App'x 644 (11th Cir. 2009) (stating that "[t]o establish jurisdiction for an overtime violation under the FLSA, the plaintiff employee must show either, (1) individual coverage – that the employee was engaged in commerce or in the production of goods for commerce; or (2) enterprise coverage – that the employer was engaged in commerce or in the production of goods for commerce") (citing 29 U.S.C. § 207(a)(1)). Here, the defendants did not raise the issue of individual coverage in their motion for summary judgment and for this reason, the Court will not consider the argument.[2]

2.  **The Motor Carrier Exemption**

The defendants further argue that they are entitled to summary judgment under the Motor Carrier Act exemption. Exemptions to the FLSA are narrowly construed against the employer. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1156 (11th Cir. 2008). Moreover, the employer bears the burden of showing the applicability of an exemption. Rojas v. Garda CL Se., Inc., No. 13-23173-CIV, 2015 WL 5084135, at *3 (S.D. Fla. Aug. 28, 2015).

---

[2] The defendants did raise the issue of individual coverage in their reply brief. See Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment (DE# 42 at 9-10, 6/6/16). However, because the issue was not raised in the motion, the undersigned will not consider it. See U.S. Commodity Futures Trading Comm'n v. Oakmont Fin., Inc., No. 9:16-CV-80055-WPD, 2016 WL 3619687, at *4 (S.D. Fla. June 9, 2016) (on motion to dismiss stating that "[b]ecause the Defendant [made an] argument for the first time in the Reply, the Court w[ould] not consider the argument.").

The Motor Carrier Act exemption is found in Section 213(b)(1) of the FLSA and provides that the FLSA's overtime provision, section 207, does not apply "to any employee with respect to whom the Secretary of Transportation has the power to establish qualifications and maximum hours of service pursuant to the provisions of Section 31502 of Title 49." Alvarado v. I.G.W.T. Delivery Sys., Inc., 410 F.Supp. 2d 1272, 1275-76 (S.D. Fla. 2006). The Eleventh Circuit has explained that:

> The Secretary has the power to establish qualifications and maximum hours of service for employees who (1) are employed by carriers whose transportation of passengers or property by motor vehicle is subject to the Secretary's jurisdiction under the Motor Carrier Act; and (2) engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act.

Baez v. Wells Fargo Armored Service Corp., 938 F.2d 180, 181-82 (11th Cir. 1991) (citing 29 C.F.R. § 782.2(a)).

### (a)   Secretary of Transportation's Jurisdiction Over Work-Related Activities

An employer is "subject to the Secretary's jurisdiction" if it "show[s] that it (a) is a motor carrier and (b) transports passengers or property in interstate commerce." Rojas, 2015 WL 5084135, at *3 (citing See 29 C.F.R. § 782.2(c)). A "motor carrier" under the Motor Carrier Act is a "person who provides commercial motor vehicle transportation for compensation." 49 U.S.C. § 13102(14). A commercial motor vehicle has a gross vehicle weight greater than 10,000 pounds. 49 U.S.C. § 31132(1). Here, the defendant has presented evidence that the plaintiff operated two trucks that each exceeded 10,000 pounds. See Affidavit of Gustavo A. Arguello (DE# 37-3 at ¶¶22-23, 5/2/16). The

4

plaintiff has presented his own affidavit wherein he attests that he "frequently" would deliver goods in a van that weighed less than 10,000 pounds. See Affidavit of Roberto Jose Huete (DE# 40-1 at ¶ 9, 5/25/16). The defendants present no record evidence as to other vehicles that were used in the business. In Rojas, the district court found that the defendant had shown it was a "motor carrier" where it had "a fleet of seventy-nine armored vehicles weighing more than 10,000 pounds" even though it also had "six vehicle weighing less than 10,000 pounds" and would sometimes ask employees to use their personal vehicles. Rojas, 2015 WL 5084135, at *3. Here, the defendants have presented record evidence only as to two vehicles and the plaintiff has presented evidence that he "frequently" used an additional vehicle weighing less than 10,000 pounds to make deliveries. Thus, the record evidence is not as clear as it was in Rojas, that the corporate defendant falls under the definition of a motor carrier.

The Court must also find that the corporate defendant engaged in interstate commerce. The defendants have not presented any evidence to show that they transported passengers or property in interstate commerce. The plaintiff has presented evidence, that at least with respect to his own job duties, he only made local deliveries and was never asked to deliver goods outside the State of Florida. See Affidavit of Roberto Jose Huete (DE# 40-1 at ¶¶ 6-7, 5/25/16).

Based on this record, the defendants have failed to establish that the corporate defendant qualifies as a "carrier[ ] whose transportation of passengers or property by motor vehicle is subject to the Secretary's jurisdiction under the Motor Carrier Act." Baez, 938 F.2d at 182.

### (b) The Plaintiff's Involvement in Interstate Commerce

In order to qualify for the Motor Carrier Act exemption, the defendants must also show that the plaintiff "(a) engaged in activities affecting the safety of motor vehicles (b) while transporting passengers or property in interstate commerce." Rojas, 2015 WL 5084135, at *4 (citing C.F.R. § 782.2). As noted above, the plaintiff has attested that he only made local deliveries. The plaintiff's affidavit is sufficient to create an issue of fact for the jury to decide. See Gordils v. Ocean Drive Limousines, Inc., No. 12-24358-CV, 2015 WL 1858380, at *3 (S.D. Fla. Apr. 22, 2015) (denying summary judgment on motor carrier exemption where "[g]iven [a] minimal showing of interstate travel tied to Plaintiffs, there remain[ed] genuine issues of material fact as to whether Plaintiffs' involvement in interstate commerce was more than de minimis, sufficient to satisfy prong two of the Motor Carrier Act exemption.").

Construing the facts in the light most favorable to the plaintiff as the non-moving party, the Court finds that genuine issues of material fact preclude summary judgment for the defendants on the Motor Carrier Act exemption.

### 3. The Technical Corrections Act

The plaintiff further argues that the defendants are not entitled to summary judgment on the plaintiff's overtime claim because the Technical Corrections Act ("TCA") provides an exception to the Motor Carrier Act exemption. The TCA provides that employees who work "in whole or in part" on motor vehicles weighing 10,000 pounds or less are covered under the FLSA. See Pub. L. No. 110-244, Title III, § 306(a). This Court has explained that under the TCA:

an employee's work need only in part involve the operation of non-commercial vehicles to be entitled to overtime. See Technical Corrections Act § 306(c). Thus, if more than a de minimis portion of Plaintiff's work involved driving noncommercial vehicles, he is eligible for overtime under the FLSA as a "covered employee."

Bedoya v. Aventura Limousine & Transp. Serv., Inc., No. 11-24432-CIV, 2012 WL 3962935, at *4 (S.D. Fla. Sept. 11, 2012). Here, the plaintiff has filed an affidavit attesting that he "frequently" would deliver goods in a van that weighed less than 10,000 pounds. See Affidavit of Roberto Jose Huete (DE# 40-1 at ¶ 9, 5/25/16). Based on the record in this case, genuine issues of material fact preclude summary judgment for the defendants on the plaintiff's overtime claim.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Defendants' Motion for Summary Judgment (DE# 37, 5/2/16) is **GRANTED in part and DENIED in part**. The defendants are entitled to summary judgment on the issue of enterprise coverage. It is further

ORDERED AND ADJUDGED that the hearing on the Defendants' Motion for Summary Judgment (DE# 37, 5/2/16) is **CANCELLED**. The final pretrial conference shall proceed as scheduled on **Thursday, August 4, 2016**.

DONE AND ORDERED in Chambers at Miami, Florida this 29 day of July, 2016.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record